```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


   UNITED STATES OF AMERICA               CRIMINAL ACTION

   VERSUS                                 NO: 07-0011

   JARMAINE WHITE                         SECTION: "J"(3)
```

### ORDER & REASONS

Before the Court is Petitioner Jarmaine White's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence* **(R. Doc. 38)**, and a response thereto filed by the Government (R. Doc. 48). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

In May 2007, Petitioner pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (R. Doc. 22; R. Doc. 32.) Petitioner was previously convicted of crimes punishable by imprisonment for a term exceeding one year, including: eight counts of distribution of cocaine, in violation of Louisiana Revised Statute § 40:967(A); simple burglary of an inhabited dwelling, in violation of Louisiana Revised Statute §14:62.2; two additional counts of distribution of cocaine, in violation of Louisiana Revised Statute § 40:967(A); and possession of contraband in a penal institution, in violation

of Louisiana Revised Statute § 14:402. (R. Doc. 1 at 1-2.) Petitioner was sentenced to serve one hundred and eighty months of imprisonment under 18 U.S.C. § 924(e), better known as the Armed Career Criminal Act (ACCA). (R. Doc. 32.)

On May 11, 2016, Petitioner filed the present motion to set aside or correct his sentence. (R. Doc. 38.) Petitioner asserts that his sentence should be vacated and that he should be resentenced without the application of the ACCA in light of the Supreme Court's decision in *Johnson v. United States*, —U.S.—, 135 S.Ct. 2551 (2015). Specifically, Petitioner argues that, in light of *Johnson*, a violation of Louisiana Revised Statute §14:62.2, *i.e.*, simple burglary, no longer qualifies as a violent felony. (R. Doc. 38 at 4.) In opposition, the Government argues: (1) Petitioner's conviction for simple burglary of an inhabited dwelling is a predicate offense under the ACCA's enumerated offenses; and (2) regardless of whether Petitioner was previously convicted of a violent felony, the ACCA applies because Petitioner was convicted of at least three "serious drug offenses." (R. Doc. 48 at 4-7.) Petitioner's motion is now before the Court on the briefs.

## LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a).

2

Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An

evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

## DISCUSSION

In *Johnson v. United States*, the Supreme Court held that the residual clause of the ACCA violated the Fifth Amendment. 135 S.Ct. at 2557. The Court held that the residual clause, which provides that a felony that "involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague because it failed to give ordinary people fair notice of the conduct it punished and "invite[d] arbitrary enforcement by judges." *Id.* However, the Court made clear that its "decision [did] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. Thus, post-*Johnson*, in order for an offense to be classified as a "violent felony" under the ACCA, the crime must be punishable by imprisonment for a term exceeding one year and: (1) have as an element the use, attempted use, or threated use of physical force against the person

4

of another; or (2) the crime must be burglary, arson, extortion, or involve use of explosive, *i.e.*, an enumerated offense. *See id.*

Petitioner argues that, in light of *Johnson*, simple burglary under Louisiana law no longer qualifies as a violent felony. (R. Doc. 38 at 4.) Thus, Petitioner argues he should be resentenced without application of the ACCA. However, *Johnson* only addressed the ACCA's residual clause, the Supreme Court's "decision [did] not call into question application of the Act to the four enumerated offenses . . . ," which includes burglary. *Johnson*, 135 S.Ct. at 2536. Thus, the issue is whether, post-*Johnson*, simple burglary under Louisiana qualifies as an enumerated offense. In *United States v. Williams*, the defendant was convicted twice for burglary of an inhabited dwelling and once for simple robbery in violation of Louisiana law. No. 13-146, 2016 WL 792431, at *5 (W.D. La. Feb. 29, 2016). The court held that the convictions for burglary of an inhabited dwelling fell under the enumerated offenses clause of Section 924(e)(2)(B)(ii) of the ACCA, and the felony conviction for simple robbery fell under the force clause of the Section 924(e)(2)(B)(i) of the ACCA. *Id.* Further, the Court held that "[b]ecause none of these prior convictions are based on the residual clause of the ACCA, *Johnson* is inapplicable to this sentence." *Id.* Similarly, Petitioner was convicted of simple burglary under Louisiana Revised Statute § 14:62.2 which qualifies as an enumerated offense under section 924(e)(2)(B)(ii) of the

5

ACCA. *Id.; see also United States v. Myles*, 423 F. App'x 442, 444-45 (5th Cir. 2011); *United States v. Booth*, No. 13-263-01, 2015 U.S. Dist. LEXIS 165106, at *5 (W.D. La. Dec. 4, 2015). Accordingly, Petitioner's violation of Louisiana Revised Statute § 14.62.2 does not fall under the residual clause and *Johnson* is inapplicable to Petitioner's sentence.[1] *See Williams*, 2016 WL 792431, at *5. Petitioner's motion is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence* **(R. Doc. 38)** is **DENIED**.

New Orleans, Louisiana this 6th day of December, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] Even if *Johnson* were applicable to Petitioner's sentence, Petitioner plead guilty to at least nine "serious drug offenses" occurring on separate occasions between 1998 and 1999. (R. Docs. 48-1; 48-2; 48-3.) These offenses were punishable by a maximum term of ten years or more. *See* La. Rev. Stat. § 40:967(B)(4)(b)(1998); La. Rev. Stat. § 40:967(B)(4)(b)(1999); *see also* 1997 La. Sess. Law Serv. Act 1284 (H.B. 182). The ACCA applies as long as the defendant has at least three previous convictions for "serious drug offenses" occurring on separate occasion. 18 U.S.C. § 924(e)(1). Accordingly, even if simple burglary did not qualify as a violent felony in this case, the ACCA is still applicable to Petitioner's sentence.